UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

VENECIA MARTE,

        Plaintiff,

                                      File #

-against-

MONTEFIORE MEDICAL CENTER,        COMPLIANT

                                      Plaintiff Demands Trial

        Defendant.                          By Jury

_____X

       The plaintiff, by her attorney, JAY M. WEINSTEIN, complaining of the defendant, sets forth, upon information and belief as follows:

## JURISDICTION AND VENUE

       1. The plaintiff asserts that this Court has jurisdiction over this matter by reason of 42 U.S.C section 1983 et seq.; Title VII of the Civil Rights Act of 1964; The Equal Protection Clause of Constitution of the United States, and various other provisions of federal law.

       2. The plaintiff asserts ancillary jurisdiction over all non-federal based claims asserted herein as related to the federal based claims.

       3. The cause of action arose exclusively within the venue of the United States District Court, Southern District of New York,

## FACTUAL BACKGROUND

       4. The plaintiff was and is a domicile of the County of Bronx, City and State of New York.

       5. The defendant was and is a public health corporation, duly organized and existing under and

1

by virtue of the laws of the State of New York, with its principal place of business located in the County of Bronx, State of New York.

6. That the said hospital was and is located within the jurisdiction of the United States District Court, Southern District of New York.

7. That as a pre-condition to the commencement of this action, the plaintiff caused to be filed with the Equal Employment Opportunity Commission a complaint under File # 16GC201109.

8. That commencing in or about the year 2006 the plaintiff, a woman of Hispanic descent and a Born-Again Christian, became employed as a physician's assistant at the Department of Psychiatry.

9. That in March 2020 and until October 30, 2021, the plaintiff continued to be assigned to work in the Department of Psychiatry at its clinic located at 260 East 161st Street Bronx, new York.

10. That commencing in or about March 2020 a worldwide pandemic occurred as a result of what is known as the COVID-19 virus.

11. That no antidote for that virus had been developed at that time.

12. That despite the existence of the said deadly virus, which caused severe illness and death to many millions of people, and without an antidote available, from March 2020 until on or about October 30, 2021, the plaintiff continued to work at the hospital taking all precautions required by the defendant for the safety and well-being of her patients, other staff members and herself.

13. That the defendant has no evidence that the plaintiff's presence at work, in an unvaccinated state, posed any risk to any patients, staff members or herself.

14. That on or before October 30, 2021, the defendant issued a mandate to all its employees at all its facilities and without exception, that all employees would be subject to termination if he or she failed to receive COVID-19 vaccinations.

15. The plaintiff was and remains unwilling to receive the COVID-19 vaccinations.

16. That the defendant failed and refused to offer to the plaintiff a reasonable accommodation, although a reasonable accommodation was available to the plaintiff.

16. That the plaintiff was ready, willing and able to continue her duties as a physician's assistant by taking each precaution she had been taking while working as she had done prior to the issuance by the defendant of the vaccination mandate.

17. That by reason of the failure and refusal of the plaintiff to submit to the vaccination as mandated, the defendant retaliated against the plaintiff, and she was discharged without just and legal cause which became final and effective on October 30, 2021.

18. That upon information and belief, other employees of the defendant who refused to submit to the said vaccination were afforded reasonable accommodations and as such were not discharged from employment.

19. That the discharge of the plaintiff was a pretext.

20. That the plaintiff's discharge and the refusal by the defendant to offer to the plaintiff a reasonable accommodation was premised upon her race and/or religious practices.

## AS AND FOR A FIRST CAUSE OF ACTION:
## VIOLATION OF PLAINITFF'S FEDERAL CIVIL RIGHTS

21. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "20" inclusive, as if set forth in full herein.

22. That the plaintiff requested that she be provided a reasonable accommodation as defined by law.

23. That the defendant's failure to provide a reasonable accommodation to the plaintiff was in violation of the plaintiff's civil rights pursuant to 42 U.S.C. section 1983 et. seq.

24. That the action of the defendant, by its agents, servants and/or employees, in failing and refusing to offer a reasonable accommodation to the plaintiff was in further violation of the plaintiff's rights pursuant to: a) Title VII of the Civil Rights Act of 1964; b) the Free Exercise Clause of the Constitution of the United States; c) the Equal Protection Clause of the 14th amendment of the Constitution of the United States; d) the First Amendment of the Constitution of the United States; and e) various provisions of Title 29 of the United States Code.

25. That by reason of the defendant's violation of the aforementioned statutes and constitutional provisions the plaintiff has been caused to incur damages, including but not limited to loss of income, loss of health care benefits, loss of pension benefits and other related benefits.

26. By reason thereof, the plaintiff has been further caused to sustain personal and psychological injuries, including but not limited to depression, anxiety, emotional distress and the like.

4

27. That by reason thereof, the plaintiff has been in the amount of THREE MILLION ($3,000,000.00) DOLLARS.

28. That in addition thereto the plaintiff seeks the recovery of interest, costs, disbursements and attorneys' fees as permitted by law.

### AS AND FOR A SECOND CAUSE OF ACTION: VIOLATIONS OF LAWS OF THE STATE OF NEW YORK

29. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "28" inclusive as if set forth in full herein.

30. That the causes of action asserted herein occurred exclusively within the State of New York.

31. That by reason of the actions of the defendant, by its agents, servants and/or employees the defendant has violated the plaintiff's rights pursuant to New York State Executive Law section 296 et seq.

32. That by reason of thereof the plaintiff has been damaged in the amount of THREE MILLION ($3,000,000.00) DOLLARS.

33. That in addition thereto the plaintiff seeks recovery of interest. costs, disbursements and attorneys' fees as permitted by law.

## AS AND FOR A THIRD CAUSE OF ACTION
## VIOLATIONS OF LAWS OF THE CITY OF NEW YORK

34. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "33" inclusive as if set forth in full herein.

35. That the causes of action asserted herein occurred exclusively within the City of New York.

36. That by reason of the actions of the defendant, by its agents, servants and/or employees the defendant has violated the plaintiff's rights pursuant to the Administrative Code of the City of New York section 8-101 et seq.

37. That by reason of thereof the plaintiff has been damages in the amount of THREE MILLION ($3,000,000.00) DOLLARS.

38. That in addition thereto the plaintiff seeks recovery of interest, cost, disbursements and attorney's fees as permitted by law.

WHEERFORE plaintiff demands judgment against the defendant as follows:

As and for the first cause of action in the amount of THREE MILLION ($3,000,000.00) DOLLARS;

As and for a second cause of action the amount of THREE MILLION ($3,000,000.00) DOLLARS;

As and for a third cause of action in the amount of THREE MILLION ($3,000,000.00)

DOLLARS;

     Together with interest from October 30, 2021, cost, disbursements and attorneys' fees and permitted by law.

Dated: Woodmere, New York
       April 29, 2022

                                                      JAY M. WEINSTEIN(jw6064)

File No.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VENECIA MARTE,

                       Plaintiff,

       -against-

MONTEFIORE MEDICAL CENTER,

                       Defendant.

**VERIFIED COMPLAINT**

JAY M. WEINSTEIN, ESQ.
Attorney for Plaintiff
503 Longacre Avenue
Woodmere, New York 11598-2307
(516) 569-2146

To:
Attorney for

Service of a copy of the within
is hereby admitted.
Dated:

_____
Attorney for