UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

VENECIA MARTE,

                Plaintiff,

v.

MONTEFIORE MEDICAL CENTER,

                Defendant.

------------------------------------------------------------x

No. 22-CV-03491-CM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/12/22

**MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

McMahon, J.:

Venecia Marte ("Plaintiff") is a former employee of Montefiore Medical Center ("Defendant" or "Montefiore"). In October 2021, Montefiore fired Plaintiff after she refused to get vaccinated against the COVID-19 virus. (Dkt. No. 1 ("Compl."), ¶17). Plaintiff, a woman of Hispanic descent and a Born-Again Christian (*id.* ¶9), alleges that Defendant was obligated to provide "reasonable accommodation" when she refused to receive the COVID-19 vaccine. (*Id.* ¶20). She claims her termination was a pretext and premised on her "race and/or religious practices." (*Id.*).

Plaintiff alleges that, by failing to provide her with a reasonable accommodation, Defendant violated her federal civil rights pursuant to Title VII of the Civil Rights Act of 1964, the Free Exercise Clause of the First Amendment of the United States Constitution, the Equal Protection Clause of the 14th Amendment of the United States Constitution, 42 U.S.C. § 1983 *et*

1

*seq.*, and various provisions of Title 29 of the United States Code (Count I)[1]; violation of New York State Human Rights Law, New York State Executive Law § 269 *et seq.* (Count II); and violation of New York City Human Rights Law, Administrative Code of the City of New York § 8-101 *et seq.* (Count III). Plaintiff seeks nine million dollars in damages. (Compl., at 6).

Defendant moves to dismiss Plaintiff's complaint in its entirety for failure to state a claim upon which relief can be granted. (Dkt. No. 13). The motion is opposed. (Dkt. No. 17).

In response, Plaintiff seeks leave to amend her original complaint, and attached a proposed amended complaint for the Court's consideration. (Dkt. No. 17; Dkt. No. 17-1).

For the reasons that follow, Defendant's motion to dismiss is GRANTED; Plaintiff's request for leave to amend is DENIED.

## BACKGROUND

### A. Parties

Plaintiff is a resident of Bronx County in the City and State of New York. (Compl., ¶4). Plaintiff is a woman of Hispanic descent and a Born-Again Christian. (*Id.* at ¶9).

Defendant is a public health corporation located within the State of New York. (*Id.* at ¶5). From 2006 to 2021, Defendant employed Plaintiff as a physician's assistant in the Department of Psychiatry at one of its hospitals, also located in the County of Bronx. (*Id.* at ¶¶5-8).

### B. New York's Vaccine Mandate and Plaintiff's Termination of Employment

On August 26, 2021, the New York State Department of Health issued a mandate applying to hospitals and other healthcare entities, requiring the facilities to continuously require eligible personnel to be fully vaccinated against COVID-19 (the "Mandate"). N.Y. Comp. Codes

---

[1] Plaintiff agrees that allegations pursuant to Title 29 are "inappropriately pled" and proposes an amended complaint removing references to Title 29. (*See* Dkt. No. 17, at 9).

2

R. & Regs. tit. 10, § 2.61 (2021).[2] The Mandate covered all employees "who engage in activities such that if they were infected with COVID-19, they could potentially expose other covered personnel, patients or residents to the disease." *Id.* at § 2.61(a)(2). The only listed exception to the Mandate is for employees for whom the vaccination would be detrimental to their health. *Id.* at § 2.61(d)(1). On or before October 30, 2021, Defendant implemented a vaccination policy for all employees. (Dkt. No. 14 ("MTD Br."), at 3).

In October 2021, the Second Circuit heard a challenge to the Mandate in *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266 (2d Cir. 2021). The plaintiff-appellants in *We The Patriots* challenged the Mandate's lack of a religious exemption as a violation of the First Amendment, the Supremacy Clause via Article VII of the Civil Rights Act of 1964, and the Fourteenth Amendment. *Id.* at 272. Ultimately, the court rejected these claims and upheld the Mandate in a decision dated November 4, 2021. *Id.* at 296. Eight days later, on November 12, 2021, the Second Circuit clarified that while the Mandate was not unconstitutional for want of a religious exemption, medical facilities might be able to accommodate employees with religious exemptions by employing them in a manner that removed them from the scope of the Mandate. *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 368, 370 (2d Cir. 2021) [hereinafter *We The Patriots II*].

Defendant argues that it required that all its employees receive the COVID-19 vaccine in order to comply with the Mandate. (MTD Br., at 2-3). Defendant also argues that Plaintiff's work as a physician's assistant required her to work in-person around patients and staff every day, which made her an employee covered by the Mandate. (*Id.*, at 8).

---

[2] The Court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012).

3

Plaintiff alleges in her complaint that she was unwilling to receive the COVID-19 vaccine. (Compl., ¶15). She pleads that she requested a specific accommodation: to continue her work with patients while unvaccinated, but while taking the same precautions she had observed before the implementation of the Mandate. (*Id.*, ¶¶15, 16, 22). Plaintiff did not specify what those precautions were.

Plaintiff also pleads, albeit "on information and belief," that other Montefiore employees were offered an accommodation; she does not plead who those people were, nor facts tending to show that those who allegedly received these "information and belief" accommodations were members of any particular race or national origin group, or that they held (or did not hold) any particular religious beliefs. (*Id.*, ¶18).

Defendant ended Plaintiff's employment on October 30, 2021. (*Id.*, ¶17). Plaintiff alleges that the termination was pretextual, and that the termination was premised on her race and/or religious beliefs. She also alleges that she was denied a reasonable accommodation. (*Id.*, ¶¶16-16 [*sic*]).

## C. Procedural Posture

Plaintiff filed this lawsuit on April 29, 2022. (*Id.* at 7). Defendant moved to dismiss the complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 13). Defendant argues that each of Plaintiff's claims is pleaded in a deficient manner or, alternatively, is fundamentally flawed in light of existing caselaw. (MTD Br., at 2). Specifically, Defendant argues that several of the issues raised by Plaintiff were decided by the Second Circuit in *We The Patriots* and that the accommodation proposed by Plaintiff qualified as an undue hardship under New York State and City laws. (*Id.*).

4

After Defendant filed its response, Plaintiff filed a letter motion requesting leave to amend her complaint. (Dkt. No. 17, at 9-10). She attached a proposed amended complaint, the relevant part of which will be discussed below. (Dkt. No. 17-1).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion to dismiss, the Court is required to accept all material facts alleged in a complaint as true, and to draw all reasonable inferences from its allegations in the plaintiff's favor. *Wharton v. Duke Realty, LLP*, 467 F. Supp. 2d 381, 386-87 (S.D.N.Y. 2006). The court is, however, limited to the facts stated in the complaint or in documents attached to the complaint. *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991). "To survive a motion to dismiss under Rule 12(b)(6) . . . a complaint must contain sufficient factual matter accepted as true, to state a claim to relief that is plausible on its face." *Mabry v. Neighborhood Def. Serv.*, 769 F. Supp.2d 381, 389 (S.D.N.Y. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 at 678.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 664. A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 677-78 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Unless the well-

pleaded allegations have "nudged [plaintiff's] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570.

## DISCUSSION

**I. Plaintiff Fails to State a Claim for Federal Rights Violations; Her Federal Rights Claims are Dismissed.**

### A. Plaintiff's Title VII Religious and Racial Discrimination Claims are Dismissed.

Plaintiff argues that, by terminating her employment while refusing to offer a reasonable accommodation, Defendant violated Plaintiff's rights pursuant to Title VII of the Civil Rights Act of 1964. (Compl., ¶24).

Section 2000e-2(a)(1) of Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. . ."

Section 2000e(j) defines religion to include "all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business." When an employee has a religious belief that conflicts with a requirement of employment, the employer must offer the aggrieved employee a reasonable accommodation unless it would cause undue hardship. *Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002).

A prima facie religious discrimination claim based on a failure to accommodate a religious belief requires Plaintiff to allege (1) she held a bona fide religious belief conflicting with an employment requirement; (2) she informed her employer of this belief; and (3) she was

6

disciplined for failure to comply with the conflicting employment requirement. *Knight v. Connecticut Dep't of Pub. Health*, 275 F.3d 156, 167 (2d Cir. 2001). If a plaintiff can make out a prima facie case, then the employer is required to show that it offered her a reasonable accommodation or that doing so would cause undue hardship. *Baker v. The Home Depot*, 445 F.3d 541, 546 (2d Cir. 2006).

Even with the presumption of veracity given to a complaint in a motion to dismiss proceeding, Plaintiff's complaint does not state a prima facie case for a Title VII violation. Plaintiff pleaded that she is a Born-Again Christian, which could give rise to a bona fide religious belief. (Compl., ¶8). However, the complaint itself never alleges that Plaintiff had a bona fide religious belief that conflicted with the mandate; it simply says that she is "unwilling to receive the COVID-19 vaccinations." (*Id.* at ¶15). In her opposition to the present motion, Plaintiff asserted that she objects to the use of fetal cells in the COVID-19 vaccines due to her religious beliefs, but that was never alleged in the complaint itself. (Dkt. No. 17, at 2). Plaintiff cannot amend her complaint by opposition. *See Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (citing cases).

More significantly, Plaintiff does not allege that she informed Defendant that she had a religious objection to the COVID-19 vaccination, or even that Defendant was aware that she has a *religious* objection to the vaccine; she pleads only that she told her employer she did not want the vaccine and asked for "a reasonable accommodation as defined by law." (Dkt. No. 17, ¶22). Defendant could not have discriminated against Plaintiff on the basis of her religious beliefs if Defendant was unaware of those beliefs; the second requirement of a prima facie case is that the employee must make her employer aware that there was a conflict between her religious belief and the employment requirement. As Plaintiff fails to plead that she told her employer that she

had conflicting religious beliefs, she has failed to plead a viable claim for religious discrimination. *Knight*, 275 F.3d at 167.

Even if Plaintiff had pleaded a prima facie claim for religious discrimination, her argument is foreclosed by the Second Circuit's decision in *We The Patriots*. Defendant correctly argues that Plaintiff's requested accommodation would qualify as an undue hardship because it required Defendant to violate the law. *See Bey v. City of New York*, 999 F.3d 157, 170 (2d Cir. 2021) ("Title VII cannot be used to require employers to depart from binding federal regulations."); *Lowman v. NVI LLC*, 821 F. App'x 29, 31-32 (2d Cir. 2020) (affirming the dismissal of a Title VII complaint when a requested religious accommodation would cause an employer undue hardship by forcing it to violate the law). *We The Patriots* expressly rejected the notion that Title VII entitles employees to a blanket religious exemption to the Mandate that would allow them to continue in their positions unvaccinated. 17 F.4th 266 at 292. This is exactly the type of accommodation Plaintiff requested—permission to remain in her position without being vaccinated. (Compl., ¶16-16 [*sic*]). The only accommodation Plaintiff requested was found to be unreasonable and an undue hardship in *We The Patriots*.

Plaintiff's complaint also fails to state a prima facie case for discriminatory behavior on the part of Defendant on the basis of her race. To show race-based discrimination under Title VII, Plaintiff must show that: "(1) she is a member of a protected class; (2) she satisfactorily performed the duties required by the position; (3) she was discharged; and (4) . . .the discharge occurred in circumstances giving rise to an inference of unlawful discrimination." *Lenzi v. Systemax, Inc.*, 944 F.3d 97, 107 (2d Cir. 2019); *see also Woods v. Ruffino*, 8 F. App'x 41, 42 (2d Cir. 2001).

The complaint asserts that Plaintiff is a Hispanic woman and that her termination was a pretext. She pleads in fairly conclusory terms that other employees were offered accommodations from the mandate, and that the Defendant's refusal to offer an accommodation was due to Plaintiff's race. (Compl., ¶¶8, 19, 20).

However, Plaintiff alleges no facts that raise an inference of unlawful discrimination due to her race. (*Id.*). Conclusory statements, such as the termination being pretextual or that Defendant's refusal to offer an accommodation was due to Plaintiff's race, are not given the same presumption of veracity as factual assertions at this stage in a proceeding. *Twombly*, 550 U.S. at 555. The complaint does not plead that exemptions from the Mandate were given to non-Hispanic employees. Therefore, Plaintiff fails to plead facts from which a trier could find that the discharge "occurred in circumstances giving rise to an inference of unlawful discrimination." *Lenzi*, 944 F3d at 107. Saying "I am Hispanic; I didn't get an exemption; and I got fired; that must have happened because I am Hispanic" has long been held to be an insufficient pleading. *See Martin v. N.Y. State Dep't of Mental Hygiene*, 588 F.2d 371, 372 (2d Cir. 1978) ("[Plaintiff]'s complaint stated only that the defendants had discriminated against him on the basis of race . . . . It is well settled in this Circuit that a complaint consisting of nothing more than naked assertions, and setting forth no facts upon which a court could find a violation of the Civil Rights Acts, fails to state a claim under Rule 12(b)(6)."); *Ochei v. The Mary Manning Walsh Nursing Home Co.*, No. 10 Civ. 2548(CM)(RLE), 2011 WL 744738, at *3 (S.D.N.Y. Mar. 1, 2011) ("naked assertions by plaintiff that some protected demographic factor motivated an employment decision, without a fact-specific allegation of a causal link between defendant's conduct and the plaintiff's membership in a protected class, are simply too conclusory to withstand a motion to dismiss.").

Plaintiff's proposed amended complaint does not solve the original complaint's deficiencies.

The amended complaint alleges that "plaintiff was and remains unwilling to receive the COVID-19 vaccinations by reason of her profound religious beliefs," thereby filling in one blank in her original complaint. (Dkt. No. 17-1, ¶15). However, the amended complaint does not plead that Plaintiff advised Defendant that her objection to the vaccine was religious in nature; she still does not allege that Defendant knew that the vaccine violated her religious beliefs. And the amended complaint, like the original complaint, pleads no facts tending to show that Defendant refused to grant her an exemption due to her race. (*Id.*); (MTD Br., at 9). Furthermore, she cannot plead around *We The Patriots*. The accommodation she specifically requested was illegal and so was an undue hardship as a matter of law. For those reasons, it would be futile to allow Plaintiff to file her proposed amended complaint.

### B.   Plaintiff's First and Fourteenth Amendment Claims are Dismissed.

Plaintiff claims a violation of her Free Exercise Clause rights and of her First Amendment rights in general. (Compl., ¶24). The First Amendment bars federal or state government from making laws "respecting an establishment of religion, or prohibiting the free exercise thereof. . ." U.S. CONST. amend. I. Supreme Court precedent dictates that laws that burden religion but are neutral and of general applicability face only minimum scrutiny. *See Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531 (1993).

The First Amendment only applies to government actors. *See Am. Atheists, Inc. v. Port Auth. of New York & New Jersey*, 936 F. Supp. 2d 321, 330 (S.D.N.Y. 2013) ("Private conduct need not conform to the First Amendment unless 'the challenged action of a private party is fairly attributable to the state.'"); *Parker v. Blackerby*, 368 F. Supp. 3d 611, 624 (W.D.N.Y.

2019) ("Private hospitals (and their employees) are generally not considered state actors."). Montefiore has been held in many cases to be a private actor, not a state actor. *See, e.g., Antwi v. Montefiore Med. Ctr.*, Case No. 14 Civ. 840 (ER), 2014 WL 6481996 (S.D.N.Y. Nov. 18, 2014) ("Plaintiff offers no facts or arguments to establish that [Montefiore], a private hospital, meets the state action requirement of § 1983"); *Jackson v. Ramirez*, No. 1:15-cv-617-GHW, 2016 WL 796854, at *9 (S.D.N.Y. Feb. 22, 2016) (dismissing a § 1983 claim against a Montefiore employee because she was a private actor and was not conspiring with state officials). In fact, Plaintiff states that Defendant is a non-governmental hospital in her opposition to the present motion. (Dkt. No. 17, at 3). Thus, the complaint fails to state a claim for a First Amendment violation. Plaintiff's proposed amended complaint does not include a claim that Defendant a state actor—nor could it—so it fails to remedy the deficiencies in the claim, rendering the amendment futile in this regard as well. (Dkt. No. 17-1).

Plaintiff also contends that Defendant's termination constituted a violation of her equal protection rights under the Fourteenth Amendment. (Compl., ¶24). The Fourteenth Amendment ensures equal protection of state laws. U.S. CONST. amend. XIV. As is the case with the First Amendment, the Fourteenth Amendment only applies to government actors. *See Cooper v. U.S. Postal Serv.*, 577 F.3d 479, 491 (2d Cir. 2009) ("By its terms, 'private action is immune from the restrictions of the Fourteenth Amendment,' and the Amendment 'offers no shield' against private conduct, " 'however discriminatory or wrongful.' "" (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974))). Plaintiff has stated that Defendant is a private hospital. Thus, the complaint fails to state a claim for a Fourteenth Amendment violation. As explained above, the amended complaint does not allege cure the problem.

Plaintiff spends much of her opposition to the present motion attacking the Mandate. (Dkt. No. 17, at 4-7). Plaintiff goes as far as to state that, "The sole issue before this Court is whether the uncontested religious beliefs of this plaintiff should be randomly and irrationally set aside by a full-frontal attack against religious beliefs by a Governor who had only been recently appointed by reason of the resignation of her predecessor." (*Id.* at 5). But that is not the issue in this case. Neither the Governor nor the State is a defendant; the named Defendant is a private party. Moreover, following *We The Patriots*, the legality of the mandate as applied to persons in Plaintiff's position is now settled law in this Circuit.

### C)     Plaintiff's Section 1983 Claims Are Dismissed

Plaintiff claims her rights were violated pursuant to 42 U.S.C. § 1983. Section 1983 states that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . ."

Section 1983 applies only to actions performed under color of law. *Feingold v. New York*, 366 F.3d 138, 159 (2d Cir. 2004) ("'To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988))). As has already been explained, Plaintiff stated that Defendant is not a government actor. Therefore, Defendant was not acting under color of law, and this claim fails. *See Antwi*, 2014 WL 6481996 at *5.

### D) Plaintiff's Various Title 29 Claims Are Dismissed.

Plaintiff originally pled violations of various Title 29 provisions, but has since acknowledged that these allegations are "inappropriately pled" and has abandoned them. (*See* Dkt. No. 17, at 9). Accordingly, her Title 29 allegations are dismissed.

## II. Plaintiff Fails States a New York State Human Rights Law Claim Based on Her Bona Fide Religious Beliefs; Plaintiff's New York State Human Rights Law Claim Based on Her Race is Dismissed.

Plaintiff claims her rights were violated pursuant to New York State Executive Law § 296. Claims brought under § 296 utilize the same framework as a Title VII claim. *Moccio v. Cornell Univ.*, 889 F. Supp. 2d 539, 581 (S.D.N.Y. 2012). Thus, in a religious accommodation case under § 269, a plaintiff must show that "'(1) he or she has a bona fide religious belief that conflicts with an employment requirement; (2) he or she informed the employer of this belief; (3) he or she was disciplined for failure to comply with the conflicting employment requirement.'" *Bowles v. New York City Transit Auth.*, 285 F. App'x. 812, 813 (2d Cir. 2008) (quoting *Philbrook v. Ansonia Bd. of Educ.*, 757 F.2d 476, 481 (2d Cir. 1985)).

In a race discrimination case under § 296, a plaintiff must allege that "'(1) [s]he belonged to a protected class; (2) [s]he was qualified for the position [s]he held; (3) [s]he suffered an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent.'" *Smith v. N.Y. & Presbyterian Hosp.*, 440 F. Supp. 3d 303, 328 (S.D.N.Y. 2020) (quoting *Brown v. City of Syracuse*, 673 F. 3d 141, 150 (2d Cir. 2012)).

Plaintiff's State law claims fail for the same reasons as her Title VII claims. Although Plaintiff's complaint includes that she is a Born-Again Christian, the complaint does not allege that Plaintiff informed Defendant that her opposition to the vaccine was because of her bona fide

religious belief. Plaintiff alleged only that she told Defendant she did not want the vaccine. (Dkt. No. 1, ¶8). And, in any event, Plaintiff's proposed amended complaint does not cure the deficiency. (Dkt. No. 17-1). With regard to her race claim, Plaintiff does not allege sufficient facts to give rise to an inference of discriminatory intent. (*See supra* at page 8-9).

### III. Plaintiff Fails to States a New York City Human Rights Law Claim Based on Her Bona Fide Religious Beliefs; Plaintiff's New York City Human Rights Law Claim Based on Her Race is Dismissed.

Finally, Plaintiff alleges that her rights were violated pursuant to New York City Administrative Code § 8-107. That law states that "It shall be an unlawful discriminatory practice for an employer or an employee or agent thereof to impose upon a person as a condition of obtaining or retaining employment any terms or conditions, compliance with which would require such person to violate, or forego a practice of, such person's creed or religion. . . and the employer shall make reasonable accommodation to the religious needs of such person." New York City Administrative Code § 8-107(3)(a). "Reasonable accommodation" is defined as an "accommodation to an employee's or prospective employee's religious observance or practice as shall not cause undue hardship in the conduct of the employer's business." § 8-107(3)(b).

Section 8-107 claims are analyzed under a similar standard to those of Title VII. *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013). Although the standards are similar, claims under the New York City Human Rights Law (NYCHRL) must be evaluated independently and with its provisions construed broadly in the plaintiff's favor. *Id.*

To make a prima facie religious accommodation case under § 8-107, a plaintiff must demonstrate that "(1) [s]he has a bona fide religious belief that conflicts with an employment requirement; (2) [s]he informed the employer of h[er] belief; and (3) [s]he was disciplined for

failure to comply with the conflicting employment requirement." *Price v. Cushman & Wakefield, Inc.*, 829 F. Supp. 2d 201, 222 (S.D.N.Y. 2011).

To make a prima facie race discrimination case under § 8-107, Plaintiff must allege that she was treated less well due to Defendant's discriminatory intent. *Syeed v. Bloomberg L.P.*, 568 F. Supp. 3d 314, 321 (S.D.N.Y. 2021).

Plaintiff has failed to plead a prima facie case under § 8-107. Plaintiff's complaint does not allege that she had a bona fide religious belief that conflicted with an employment requirement, or that she informed Defendant about that belief. Plaintiff's proposed amended complaint does not cure the latter deficiency. (Dkt. No. 17-1).

Plaintiff's complaint also does not plead facts from which one could infer discriminatory intent due to her Hispanic race. As explained above, the complaint alleges is that Plaintiff was unwilling to take the vaccine in accordance with Defendant's policy and that she was fired, while other, unidentified employees received an accommodation "on information and belief." (Compl., ¶¶ 15, 18). This is insufficient to admit of an inference that Defendant discriminated against Plaintiff on the basis of her race.

Even under the more lenient NYCHRL standard, this claim fails and the amended complaint is futile.

## IV. Plaintiff's Motion for Leave to Amend the Complaint is Denied

Federal Rule of Civil Procedure 15 states that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this liberal standard, leave is generally given as long as (1) the party seeking the amendment has not unduly delayed, (2) that party is not acting in bad faith or with a dilatory motive, (3) the opposing party will not be unduly prejudiced by the amendment, and (4) the amendment is not futile. *Foman v. Davis*, 371 U.S. 178,

182 (1962). The moving party bears the burden of explaining any delay, while the party opposing the amendment must show bad faith, prejudice, or futility.

In opposing the motion for leave to amend, the Defendant claims that an amendment would be futile and that Plaintiff delayed for two months after Defendant alerted her to deficiencies in the complaint. (MTD Br., at 6-7).

"Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012). In assessing whether the proposed complaint states a claim, we accept as true all non-conclusory factual allegations in the complaint and proposed amendments, and draw all reasonable inferences in Plaintiff's favor. *Id.*

As explained above, Plaintiff's amended complaint does not cure the deficiencies in the original complaint, and Defendant's motion to dismiss would be granted even if this Court were to grant Plaintiff leave to amend her complaint. This Court may deny leave to amend when the amendment would be futile. *Jones v. N.Y. State Div. of Mil. & Naval Affs.*, 166 F.3d 45, 50 (2d Cir. 1999). As Plaintiff's proposed amended complaint fails to fix the deficiencies in her original complaint, her leave to amend is denied.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. The complaint is dismissed with prejudice in its entirety.

This constitutes the decision and order of the court. This is a written decision.

Dated: 10/12/22

_____

U.S.D.J.

BY ECF TO ALL COUNSEL


_____

U.S.D.J.

BY ECF TO ALL COUNSEL